FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

98 MAY 18 PH 12: 23
U.S. DISTRICT COURT
N.D. OF ALABAMA

WILLIAM R. MURRAY,           )
    Plaintiff;               )
                             )
-vs.-                        )           No. CV-97-P-2510-W
                             )
AUTOZONE STORES, INC. and    )
JOHNSON CONTROLS, INC.,      )
    Defendant.               )

ENTERED

OPINION          MAY 19 1998

The Defendants' Motions for Summary Judgment were considered at a hearing in chambers

on February 4, 1998. For the reasons discussed below, the Defendants' motions are due to be

granted.

Facts[1]

On June 1, 1997, Plaintiff William Murray purchased from defendant AutoZone a car

battery manufactured by defendant Johnson Controls. Before leaving the parking lot at AutoZone,

Murray installed the battery and successfully started his car with it. While the car was running

on the new battery, Murray noticed that his ammeter gave the same reading it had given on the

old battery. From this, Murray concluded that the new battery was defective and immediately

removed it from his car. Upon removal, he noticed some corrosion on the top of the battery

which would not ordinarily appear on a brand new battery. He also noticed a date stamp that

said, "October 1996".

---

1. The recitation of "facts" is based upon the presented materials viewed in the light most favorable to the plaintiff.

After deciding that the battery was defective, Murray reentered the store to tell this to the clerk and to make accusations of fraud. The AutoZone clerk responded by offering to exchange the battery for another, but Murray refused this offer. Murray was aware at that time that the battery came with a two year unconditional replacement warranty, and a seven year pro-rated warranty. Murray kept the battery as "evidence" of the alleged fraud. In December, Murray declined an unconditional written offer from AutoZone to replace the battery that would not have required a release from liability in this lawsuit.

According to Murray, he has incurred no expenses as a result of this alleged fraud other than the costs expended to purchase the battery and the costs of pursuing this lawsuit. Murray does not allege that the battery caused any bodily injury. Murray estimates that the entire June 1, transaction at AutoZone lasted approximately ten or twelve minutes. Murray alleges that this alleged fraud caused him mental anguish and appears to base jurisdiction on the value of his punitive damages.

### Analysis

For summary judgment purposes, the court presumes that the battery purchased by Murray was "outdated, used, and defective", as alleged. However, it is uncontested that Murray suffered no physical injury or monetary damage other than the costs of purchasing the allegedly defective battery, which he refused to mitigate. Murray's testimony establishes that his only other damage or injury is a sense of mental anguish, frustration or disgust at having been sold a bad battery. For summary judgment purposes, the court presumes that these feelings are sincere.

In his complaint, Murray alleges fraud, conspiracy to defraud, a violation of the Alabama

2

Extended Manufactures' Liability Doctrine (AEMLD), breach of contract, and the tort of outrage. Because the undisputed facts do not support any of these claims, the Defendants' motions are due to be granted and all of the Plaintiff's claims are due to be dismissed.

Under Alabama law, actual damages are an essential element for any claim of fraud. *See*, Ala. Code §§ 6-5-100 et seq., *Sherrin v. Northwestern Nat. Life Ins. Co.*, 2 F.3d 373, 378 (11ᵗʰ Cir. 1993). Mental anguish alone is insufficient damage upon which to base a claim for fraud. *Pfizer, Inc. v. Farisian*, 682 So.2d 405 (Ala. 1996). Because the Plaintiff's alleged damages are insufficient as a matter of law, his fraud claim is due to be dismissed.

Under Alabama law, a claim for conspiracy is not a completely independent cause of action. To state a claim for conspiracy to defraud, there must be a legitimate claim for the underlying wrong. Because Murray has not alleged damages sufficient to state a claim for fraud, his conspiracy claim is also due to be dismissed. *Triple J Cattle, Inc. v. Chambers*, 621 So.2d 1221, 1225 (Ala. 1993).

Under Alabama law, mental anguish is not a form of damage upon which a breach of contract can be based. In a case where the only damage, other than that caused to the allegedly defective product itself, is the mere fear that the product might fail, the Plaintiff's only remedy is that provided by the warranty. *Wellcraft Marine v. Zarzour*, 577 So.2d 414 (Ala. 1990). Because Murray does not allege damages upon which a claim for breach of contract can be based, this claim is due to be dismissed.

Because actual physical injury to person or property, other than the allegedly defective product, is required to state a claim under the AMELD, this claim is also due to be dismissed. *Clarke Industries, Inc. v. Home Indemnity Co.*, 591 So. 2d 458, 461 (Ala. 1991); *Wellcraft*

3

*Marine v. Zarzour*, 577 So.2d 414 (Ala. 1990);  *Lloyd Wood Coal v. Clark Equip. Co.*, 543 So.2d 671 (Ala. 1989);  *Dairyland Ins. Co. v. General Motors Corp.*, 549 So.2d 44 (Ala. 1989).

Because Murray has provided no credible evidence from which a reasonable jury could conclude that he has suffered severe emotional distress from intentional or reckless conduct so extreme that no reasonable person could be expected to endure it, and which was so outrageous as to go beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable in a civilized society, his claim for the tort of outrage is also due to be dismissed.  *Barton v. American Red Cross*, 829 F. Supp. 1290, 1309 (M.D. Ala. 1993); *Green Tree Acceptance, Inc. v. Standridge*, 565 So.2d 38, 44 (Ala. 1990).

For these reasons, the Defendants' motions for summary judgment are due to be granted and the Plaintiff's case is due to be dismissed.

Dated: May __18__, 1998

Chief Judge Sam C. Pointer, Jr.

Service List:
 Mr. William R. Murray
 Mr. Lee M. Hollis
 Mr. Brannon J. Buck

4